UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| NML CAPITAL, LTD., | No. C 12-80185 JSW (MEJ) |
| Plaintiff, | **DISCOVERY ORDER** |
| v. | **Re: Dkt. No. 8** |
| THE REPUBLIC OF ARGENTINA, | |
| Defendant. | |
| _____/ | |

Plaintiff NML Capital, Ltd. (NML), a hedge fund that speculates in defaulted sovereign debt, issued a subpoena to non-party Chevron Corporation (Chevron) stemming from judgments NML obtained in the Southern District of New York. Jt. Ltr. at 1, Dkt. No. 8-1. The judgment arises out of Defendant the Republic of Argentina's (the Republic) non-payment of principal and interest on certain debt instruments. *Id.* In hopes of locating assets of the Republic, NML issued the subpoena to Chevron, a non-sovereign third-party that is active in the Argentine hydrocarbon industry. *Id.* at 3.

Broad post-judgment discovery in aid of execution is the norm in federal courts. Post-judgment discovery is governed by Federal Rule of Civil Procedure (Rule) 69, which provides that "[i]n aid of the judgment or execution, the judgment creditor . . . may obtain discovery from any person—including the judgment debtor—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The scope of discovery under Rule 69(a)(2) is constrained principally in that it must be calculated to assist in collecting on a judgment. *Id.*; Fed. R. Civ. P. 26(b)(1) (allowing a court to "order discovery of any matter relevant to the subject matter

involved in the action"). It is not uncommon to seek asset discovery from third parties that possess information pertaining to the judgment debtor's assets. Fed. R. Civ. P. 69(a)(2) (permitting discovery "from any person"); *see, e.g., G–Fours, Inc. v. Miele*, 496 F.2d 809, 810-12 (2d Cir. 1974) (upholding contempt citation against judgment debtor's wife and debtor's wholly-owned corporation for failing to respond to a discovery request pursuant to Rule 69). Nor is it unusual for the judgment creditor to seek disclosure related to assets held outside the jurisdiction of the court where the discovery request is made. *See, e.g., First City, Texas–Houston, N.A. v. Rafidain Bank*, 281 F.3d 48, 54 (2d Cir. 2002) ("A judgment creditor is entitled to discover the identity and location of any of the judgment debtor's assets, wherever located.") (quoting *Nat'l Serv. Indus., Inc. v. Vafla Corp.*, 694 F.2d 246, 250 (11th Cir. 1982)).

The Republic argues, however, that the normally broad scope of discovery in aid of execution is limited in this case by principles of sovereign immunity under the Foreign Sovereign Immunities Act (FSIA), 28 U.S.C. §§ 1602, *et seq.* Jt. Ltr. at 1. The FSIA creates a "statutory presumption that a foreign state is immune from suit." *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1124 (9th Cir. 2010). However, the FSIA does not prohibit third-party discovery issued to non-sovereigns. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1476-78 (9th Cir. 1992). In *Richmark*, the court explained that the plaintiff could eventually "seek to execute the judgment in whatever foreign courts have jurisdiction over Beijing's assets," but that the plaintiff first "needs discovery in order to determine which courts those are." *Id.* at 1477-78. The *Richmark* court expressly recognized that plaintiffs could "subpoena information from sources in the United States who have dealt with Beijing and might have financial information." *Id.* at 1476. The Republic has failed to show that the FSIA would in any way limit such post-judgment discovery issued to a third-party.

The Second Circuit recently decided the precise issue presented here and held the FSIA has no application whatsoever when a creditor seeks post-judgment discovery from a non-sovereign third-party about the sovereign debtor's assets and activities. *EM Ltd. v. Republic of Argentina*, --- F.3d ---, 2012 WL 3553367, at *4 (2d Cir. 2012). The court found that discovery issued to a

2

third-party concerning a sovereign's assets in no way burdens the sovereign itself. *Id.* at *5 ("the [subpoena] does not implicate Argentina's immunity from attachment under the FSIA.  It does not allow NML to attach Argentina's property, or indeed have any legal effect on Argentina's property at all; it simply mandates [the third parties'] compliance with subpoenas duces tecum.").  The court also found that merely acquiring information is not an actual attachment of sovereign assets. *Id.*  The court concluded that, "Whatever hurdles NML will face before ultimately attaching Argentina's property abroad (and we have no doubt there will be some), it need not satisfy the stringent requirements for attachment in order to simply receive information about Argentina's assets." *Id.*

Based on this standard, the Court finds that NML may properly seek disclosure from Chevron related to the Republic's assets.  "Whether a particular sovereign asset is immune from attachment must be determined separately under the FSIA, but this determination does not affect discovery." *Id.*  Accordingly, the Court DENIES the Republic's request to quash the subpoena.

In addition to its arguments regarding the FSIA, the Republic also argues that the subpoena is overly broad in that it defines "Argentina" to include separate persons and corporate entities such as Energía Argentina S.A. (ENARSA) and Yacimientos Petrolíferos Fiscales S.A.  Jt. Ltr. at 2.  The Republic argues that there is no basis for asset discovery into the business dealings of these or other separate entities or persons, nor has NML presented any evidence whatsoever to justify even threshold alter ego discovery. *Id.*  The Republic states that the Southern District of New York has twice determined that ENARSA is separate from the Republic and not liable for its debts, making discovery as to its business dealings patently improper. *Id.*  As NML has not opposed this argument, the Court finds it appropriate to limit the subpoena to the Republic and not any separate entities.  If NML contends that discovery as to these entities should be permitted, the parties shall meet and confer and thereafter file a joint letter on this issue in compliance with the undersigned's discovery standing order.

The Republic also argues that NML's document requests are not limited to assets located in the United States and that, under the FSIA, NML may not execute on property outside the United States. *Id.*  However, as discussed above, discovery issued to a third-party concerning a sovereign's

assets in no way burdens the sovereign itself; it does not allow NML to attach the Republic's property or have any legal effect on the Republic's property at all, regardless of location. *EM Ltd.*, 2012 WL 3553367, at *5. Accordingly, this argument is without merit.

**IT IS SO ORDERED.**

Dated: October 17, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge