IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NML CAPITAL, LTD.,

    Plaintiff,

v.

THE REPUBLIC OF ARGENTINA,

    Defendant.
                                      /

No. CV 12-80185-MISC JSW

**ORDER DENYING OBJECTION TO DISCOVERY ORDER**

Now before the Court are the objections filed Defendant the Republic of Argentina (the "Republic") to Magistrate Judge James' Order regarding their motion to quash (the "Order"). Having carefully reviewed the objections, and considered the Republic's arguments and the relevant legal authority, the Court hereby DENIES the Republic's objections and AFFIRMS the Order.

The District Court may modify or set aside any portion of a magistrate's ruling on non-dispositive pre-trial motions found to be "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also, e.g., Grimes v. City and County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991). A ruling is clearly erroneous if the reviewing court, after considering the evidence, is left with the "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

After a careful review of the Order, this Court finds that Judge James' ruling was not clearly erroneous or contrary to law. The Republic argues that the subpoena issued to non-party Chevron Corporation ("Chevron") is impermissible under the Foreign Sovereign Immunities

Act, 28 U.S.C. §§ 1330, *et seq.* ("FSIA"). In rejecting the Republic's argument Judge James relied on a recent order by the Second Circuit, *EM LTD. v. Republic of Argentia*, 695 F.3d 201 (2nd Cir. 2012).

In *EM*, the Second Circuit similarly upheld a subpoena issued to a non-party, non-sovereign entity, despite objections by the Republic pursuant to the FSIA. The Second Circuit held that "because the district court ordered only discovery, not the attachment of sovereign property, and because that discovery is directed at third-party banks, Argentina's sovereign immunity is not affected." *Id*. at 203. The court reasoned that the discovery order did not implicate the Republic's immunity from attachment: "It does not allow [the plaintiff] to attach Argentina's property, or indeed have any legal effect on Argentina's property at all; it simply mandantes [the non-party bank]'s compliance with subpoenas duces tecum." *Id*. at 208. Additionally, the court reasoned that the subpoenas "were directed ... at commercial banks that have no claim to sovereign immunity... . Thus, the banks' compliance with subpoenas will cause Argentina no burden and no expense." *Id*. at 210. The Court finds the reasoning in *EM* persuasive.

The Republic argues that the Second Circuit was mistaken and relies heavily on the Seventh Circuit's opinion in *Rubin v. The Islamic Republic of Iran*, 637 F.3d 783 (7th Cir. 2011). The court in *Rubin* does address the impact of FSIA on discovery requests. However, significantly, the requests at issue in *Rubin* were propounded directly on Iran at the Islamic Republic of Iran, and not a third party non-sovereign entity. Therefore, responding to the discovery requests would have burdened and required the Islamic Republic of Iran to incur expenses, a burden from which FSIA protects foreign sovereigns. *Id*. at 795 (noting that "it is widely recognized that the FSIA's immunity provisions aim to protect foreign sovereigns from the burdens of litigation, including the costs and aggravations of discovery"). Here, the Republic does not explain how *it*, as opposed to Chevron, would be burdened by responding to

///

///

///

2

1 the subpoenas. Accordingly, the Court DENIES the Republic's objections and AFFIRMS the
2 Order regarding the Republic's motion to quash.
3 **IT IS SO ORDERED.**

5 Dated: November 13, 2012



JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE